JOHN H. COOMBS, petitioner for partition *vs.* Persons Unknown.

Androscoggin. Opinion February 11, 1890.

*Partition. Deed of assignee. Non-resident minor.* R. S., c. 70, § 35; c. 88, §§ 7, 19, 20, 23, 24; c. 105, § 7. *Act of* 1878, c. 74, § 29. *Act of* 1883, c. 186.

In proceedings for partition of land among tenants in common, where any person claims a portion of the premises in severalty, his right may be first tried, if he becomes a party, in order to ascertain what premises will be left subject to partition.

The deed of an assignee in insolvency is not invalid because such assignee made some mistake in his notice of appointment. The requirement to give notice is merely directory.

Where the title of the insolvent is conveyed to an assignee, and he conveys it to another, the grantee holds the title, notwithstanding any irregularity in the mode of administering his duties as assignee. Third persons having no interest in the title can not make complaint, though tenants in common with the holder of the insolvent title.

In proceedings for partition, the petition sought for can not be prevented by respondents who set up the objection that a share in the estate, not however in conflict with their shares, is owned by minors out of the state, who

have not become parties to the record. The interests of absent parties are reasonably protected by statutory provisions and the care of the court.

R. S., c. 88, § 7, which requires that a guardian be appointed in such proceedings by the court, does not apply in the case of infants living out of the state. The court has jurisdiction for that purpose only of infants living within the state.

ON REPORT.

Petition for partition. The law court were to determine the rights of the parties and order such entry or judgment as the law, facts and admissions warrant.

The report shows the following statement of facts: Daniel Edgecomb died possessed of a homestead farm situated in the town of Lisbon, and leaving as heirs-at-law, a wife and ten children, one of whom was John R. Edgecomb, through whom the petitioner, Coombs, claims title to one tenth of said homestead farm, described in the petition; that the said John R. Edgecomb was duly adjudged an insolvent debtor upon the petition of his creditors; that Samuel Sylvester was appointed assignee and accepted said trust; that an assignment of the debtor's property was made by the judge of insolvency to the assignee and the same recorded in the registry of deeds for the county of Androscoggin; and that the assignee gave notice of his appointment, and under license of court sold said John R. Edgecomb's one tenth interest in said homestead farm, to Coombs, the petitioner.

Several objections were made to the maintenance of the petition, by the respondents, which appear with the facts in the opinion.

*Newell and Judkins*, for petitioners.

*Dana and Esty*, for respondent, Jesse Davis, cited *Brackett* v. *Persons Unknown*, 53 Maine, 228.

*Asa P. Moore*, for other respondents.

Edgecomb was an involuntary insolvent. Assignee's notice of appointment, besides wrong dates in it, is the form adopted for voluntary cases.

It is admitted that the assignee gave no bond, or notice of publication of this sale to petitioner Coombs; and purchaser at the only sale which was advertised did not take a deed. Assignee

exceeded his powers and authority. His acts are void. *Ryan* v. *Griffin*, 6 B. R. 235; Bump Bankruptcy, p. 549. Sale should have been approved by the court after a return on license by assignee. *In re, O'Fallon*, 2 Dillon, 548.

Petition and license call for one thing, deed conveys another. Deed void because it conveys the debtor's right, etc., but not the assignee's right. R. S., c. 70, § 33; Bump Bankruptcy, p. 550; *Baker* v. *Vining*, 30 Maine, 121. Rights of respondents to ten-acre lot regulated by statute, not affected by these proceedings. An agent should be appointed for Emily K. Cotton or her heirs. R. S., c. 88, § 7.

PETERS, C. J. The petitioner seeks a division of the homestead left by Daniel Edgecomb at his death, who died intestate in 1865. There were ten heirs, and the petitioner claims the share of one of the heirs, which came to him from an assignee of such heir, whose estate was in insolvency. Notice was given of this petition for partition by publication, the other owners being unknown. In response to the published notice eight of the heirs have appeared as respondents, each claiming one tenth of the homestead by inheritance.

Notice was ordered by the court, on whose motion it does not appear, upon Jesse Davis, a suggestion having been entered on the docket that he was a party interested, and he also appears and pleads ownership to a parcel of the homestead, called the ten-acre lot, in severalty. If Davis had not been made a party, he would not have been bound by the proceedings of partition. R. S., c. 88, § 24. But being a party, there may first be a separate trial on the question of his right, to ascertain what premises shall remain for division among those who are tenants in common. R. S., c. 88, § 9. The first question, therefore, for our determination, is whether Jesse Davis' claim is sustained. It is clear that it is. It seems that in February, 1866, after Daniel Edgecomb's death, his wife, Charity, by warranty deed, conveyed the ten-acre parcel in severalty to one Hewey, under whom Davis holds the title, (she apparently supposing that her husband's death made her owner of the homestead), and the lot has been in the possession of Hewey, and his successors down to

Davis, ever since.  Their possession has been continuous, exclusive and adverse, and the disseizin is complete.

When Hewey, Davis' predecessor, first entered into possession, several of the heirs were minors, but any claim which they could have asserted has now become barred by the lapse of the period which the statute allows to minors within which to assert their claim after coming of age.  R. S., c. 105, § 7.  The evidence leaves no doubt that the ten-acre lot must be separated from the general premises, and partition be made of only the portion afterwards remaining.

Then the question is, shall one tenth of the premises remaining be set out to the petitioner.  The evidence shows that the petitioner's claim does not affect the title of either of the eight respondents, nor does the claim of any one respondent affect that of any other.  But it is asserted in behalf of the heirs that the petitioner's interest obtained through the insolvency of one of the heirs, not a party to this proceeding, was not obtained by due formalities of law ; and some other objections are urged against division.

It is contended that the assignee's deed to the petitioner is invalid, because the notice of appointment which the assignee published was defective.  The notice was not perfect in the matter of form, but the error does not lessen the efficacy of the deed.  The requirement to give notice of his appointment is merely directory, and a disobedience of the order does not invalidate the deed.  *Boothbay* v. *Race*, 68 Maine, 351.  *In re, Littlefield*, 3 Nat. Bank. Reg. 58 ; S. C. 1 Lowell, 331.

It is urged by the respondents that, in several respects, the assignee did not strictly follow the prescribed forms which would authorize him to convey by deed.  This class of objections may be disposed of with the remark that the proceedings were regular and sufficient enough to pass the title to the assignee, and it was in fact conveyed to him, and that his deed must necessarily pass the title to the petitioner.  It is not the privilege of the respondents to urge the objection that the title came to the petitioner by irregularity.  They have no interest in the title themselves.  It is enough for the purposes of this proceeding that he really has the legal title.

That the assignee's deed conveys the title there can be no doubt. The counsel for respondents places reliance on objections which might be important under the late national bankruptcy law. That law differs from our insolvency law. Under that law, since the act of Congress approved June 22, 1874, the assignee could sell only by order of court, for the court. Under our law, the assignee holds the title, and may convey it without an order of court. R. S., c. 70, § 35, *Dwinel* v. *Perley*, 32 Maine, 197. The assignee gave no bond. He was not required to give a bond then. Laws 1883, c. 186. Laws of 1878, c. 74, § 29.

It is objected that the assignee's deed conveyed an undivided tenth of the farm, less the ten-acre lot, and not a tenth of the farm entire. That question, it will be seen, is rendered entirely immaterial, by our determination, already expressed, that no more than the lesser amount of territory is subject to partition among the owners and heirs.

The objection evidently most relied on to prevent partition, is that one share of the estate, one tenth, is not represented on either side of this proceeding, and that the share is owned by persons who are not of age. It is admitted that the share not represented belonged to Emily K. Cotton, one of the heirs of Daniel Edgecomb, and that she died since the petition in this case was filed, leaving behind her, in Prescott, in the state of Wisconsin, two minor children, aged respectively sixteen and eighteen years.

Section 7, c. 88, R. S., relied on to defeat partition does not meet this case. It is there provided that, "when an infant or insane person, *living in the state*, has no guardian and appears to be interested, the court shall appoint a guardian *ad litem* for him." But these infants do not reside in the state, so as to give the court jurisdiction of them. Of course, it would be better to have their appearance as parties, were it practicable.

The interest of the minors will not, however, be without protection. No one is claiming their share. It will remain to them. The presumption is that sworn commissioners will not do them injustice. The eight respondents, in their vigilance to protect

themselves against the petitioner's claim, will at the same time extend protection to the minors, their friends and relatives. Where a wrongful partition is made, absent parties may have a new partition within a limited time, if they have not been heard. R. S., c. 88, §§ 19, 20, 23. There can be no doubt that the court might appoint a person to appear for the minors when a partition is made.

The respondents cannot very well be injured by the absence of the minors; nor will the judgment of partition be void because of their absence. If so, then it must follow that many such judgments on our records, against persons unknown, where the notice has been by a general publication, will turn out to be void for the same reason. In *Austin* v. *Charlestown Female Seminary*, 8 Metc. 196, it was held that the omission of the court to appoint a guardian *ad litem* for an infant tenant in common, who is made a respondent in a petition for partition, does not render void a judgment establishing a partition; and that such judgment is voidable only, and can be avoided by no one except by the infant or his privies in blood. In that case the infant was an actual party. Here he is not.

We think, in view of all the circumstances affecting the situation of all the parties, that partition should be allowed for the premises described in the petition, less the ten-acre parcel; and for that the respondent Davis has judgment of possession.

*Judgment for partition accordingly.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.